**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

MAR 16 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-30255 |
| Plaintiff-Appellee, | D.C. No. 1:16-cr-00082-SPW-1 |
| v. | |
| DIMARZIO SWADE SANCHEZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Argued and Submitted March 5, 2020
Portland, Oregon

Before: McKEOWN and PAEZ, Circuit Judges, and HUCK,[**] District Judge.

Dimarzio Sanchez appeals his conviction for first degree murder. We have

jurisdiction under 28 U.S.C. § 1291, and affirm the district court.

We review for abuse of discretion the denial of a motion for a new trial.

*United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc). The

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Paul C. Huck, United States District Judge for the U.S. District Court for Southern Florida, sitting by designation.

district court did not abuse its discretion in denying Sanchez's motion, as the newly-discovered evidence was "merely impeaching" and did not indicate that Sanchez "would probably be acquitted in a new trial." *Id.* at 1264. Sanchez's *Brady* argument also fails, as he received the evidence "at a time when disclosure would be of value" to him. *United States v. Gamez-Orduño*, 235 F.3d 453, 461 (9th Cir. 2000) (internal quotation marks omitted).

We review de novo the denial of a motion to suppress, and review the underlying factual findings for clear error. *United States v. Torres*, 828 F.3d 1113, 1118 (9th Cir. 2016). The district court properly denied the motion. Sanchez did not unambiguously request a lawyer, *see Davis v. United States*, 512 U.S. 452, 459 (1994), but, at his request, was permitted to consult with a tribal advocate. His subsequent waiver of rights was voluntary, knowing, and intelligent, as it was "made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *United States v. Doe*, 155 F.3d 1070, 1074 (9th Cir. 1998) (internal quotations marks omitted).

We review jury instructions "as a whole to determine whether they are misleading or inadequate to guide the jury's deliberation." *United States v. Vallejo*, 237 F.3d 1008, 1024 (9th Cir. 2001). The district court properly declined to instruct the jury on the mandatory minimum life sentence Sanchez faced, as it "has long been the law that it is inappropriate for a jury to consider or be informed

of the consequences of their verdict." *United States v. Frank*, 956 F.2d 872, 879 (9th Cir. 1991).

**AFFIRMED.**